STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CHARLENE COLLINS,

     Plaintiff,

                                       Case No.: 19-000829-NO

vs.

                                       Honorable Daniel A. Hathaway

THE HOME DEPOT USA, INC.,

     Defendant.

                                                              /

| | |
|---|---|
| NICHOLAS E. MANIKAS (P34698) | CAROLYN M. JERECK  (P41748) |
| THE SAM BERNSTEIN LAW FIRM | MARGARET CZUCHAJ (P74636) |
| Attorney for Plaintiff | PLUNKETT COONEY |
| 31731 Northwestern Hwy., Suite 333 | Attorneys for Defendant |
| Farmington Hills, MI 48334-1669 | 38505 Woodward Avenue, Suite 100 |
| (248) 671-1609 / (248) 785-6007 (fax) | Bloomfield Hills, MI  48304 |
| nmanikaw@sambernstein.com | (248) 594-6363    fax (248) 901-4040 |
| | cjereck@plunkettcooney.com |
| | mczuchaj@plunkettcooney.com |

                                                                    /

## **NOTICE OF REMOVAL**

     PLEASE TAKE NOTICE that Defendant THE HOME DEPOT USA, INC., has filed

a Notice of Removal, copies of which are attached hereto, in the offices of the Clerk of

the United States District Court, Eastern District of Michigan, Southern Division, at 231

W. Lafayette Blvd., Detroit, Michigan.

                                      Respectfully submitted,

                                      PLUNKETT COONEY

               By:    */s/Carolyn M. Jereck*
                        Carolyn M. Jereck (P41748)
                        Margaret Czuchaj (P74636)
                        Attorneys for Defendant
                        38505 Woodward Avenue, Suite 100
                        Bloomfield Hills, MI  48304
                        (248) 594-6363
                        cjereck@plunkettcooney.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
SOUTHERN DIVISION

CHARLENE COLLINS,

      Plaintiff,

                            Case No.:
                            Lower Court Case No.:  19-000829-NO

vs.

                            Honorable Daniel A. Hathaway

THE HOME DEPOT USA, INC.,

      Defendant.

| NICHOLAS E. MANIKAS (P34698) | CAROLYN M. JERECK  (P41748) |
|---|---|
| THE SAM BERNSTEIN LAW FIRM | MARGARET CZUCHAJ (P74636) |
| Attorney for Plaintiff | PLUNKETT COONEY |
| 31731 Northwestern Hwy., Suite 333 | Attorneys for Defendant |
| Farmington Hills, MI 48334-1669 | 38505 Woodward Avenue, Suite 100 |
| (248) 671-1609 / (248) 785-6007 (fax) | Bloomfield Hills, MI  48304 |
| nmanikaw@sambernstein.com | (248) 594-6363    fax (248) 901-4040 |
| | cjereck@plunkettcooney.com |
| | mczuchaj@plunkettcooney.com |

## REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

To:   United States District Court
       Judges of the Above Court

NOW COMES Defendant, HOME DEPOT USA, INC., by and through its attorneys, Plunkett Cooney, and pursuant to 28 USCA §1332, 1441 and 1446, files the within Notice of Removal as follows:

5.      Further, and *assuming arguendo* that liability and related injuries alleged are conclusively established, it is defense counsel's experience that damages such as those alleged by Plaintiff, if accurately relayed, are routinely valued in this jurisdiction in excess of Seventy Five Thousand Dollars ($75,000.00).

6.      Moreover and again, given the nature of prior efforts to discuss this matter in more detail with Plaintiff's counsel, it does not appear as though Plaintiff is agreeable at this time to stipulating to cap and/or otherwise limit the value of injuries and/or damages claimed to Seventy Five Thousand Dollars ($75,000.00).

7.      Thus, as things presently stand, this action involves a controversy with complete diversity of citizenship between citizens of different states and therefore, satisfies the requirement set forth in 27 USCA §1332.   More specifically, Defendant affirmatively avers that:

        a.      Plaintiff is now and was at the time of the commencement of this action, a resident and citizen of the State of Michigan, residing in Wayne County (Exhibit 1).

        b.      Defendant HOME DEPOT USA, INC., was at the commencement of this action and now and ever since, has been a corporation duly created and organized by and under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia;

3

      c.     Defendant HOME DEPOT USA, INC., was not and is not a corporation created or organized under the laws of the State of Michigan and does not have or maintain its principal place of business in Michigan.

      8.     This action is therefore, a controversy between a citizen of the State of Michigan, on the one hand as Plaintiff, having complete diversity as to Defendant HOME DEPOT, USA INC., involving a perceived amount in controversy of more than $75,000.00 over which the Federal District of the United States has jurisdiction (Exhibit 1 - Complaint).

      9.     Defendant has filed no pleadings in the Circuit Court for the County of Wayne, and no proceedings in said cause have taken place to date in the State Court in which the original Complaint was filed.

      10.     Defendant HOME DEPOT, USA INC.'s Resident Agent was served with the Summons and Complaint on February 11, 2018 via Certified Mail (Exhibit 2)

      11.     Accordingly, this Removal has been timely filed within thirty (30) days and remains fully proper pursuant to the statutes above cited for the reasons stated.

      12.     A copy of the written Notice of Filing of this Removal has been provided to Plaintiff through counsel as required by law and is also attached.

13.    A true and correct copy of this Removal has been filed with the Wayne County Circuit Court as provided by law.

**WHEREFORE** Defendant, HOME DEPOT USA, INC., respectfully requests this Honorable Court to effectuate removal of this civil action from the Circuit Court for the County of Wayne, State of Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division.

Respectfully submitted,

PLUNKETT COONEY

By:    */s/Carolyn M. Jereck*
Carolyn M. Jereck (P41748)
Margaret Czuchaj (P74636)
Attorneys for Defendant
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI  48304
(248) 594-6363
cjereck@plunkettcooney.com

Dated:  March 8, 2019

5

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
SOUTHERN DIVISION

CHARLENE COLLINS,

      Plaintiff,

                            Case No.:
                            Lower Court Case No.:  19-000829-NO

vs.

                            Honorable Daniel A. Hathaway

THE HOME DEPOT USA, INC.,

      Defendant.

                                                             /

| | |
|---|---|
| NICHOLAS E. MANIKAS (P34698) | CAROLYN M. JERECK  (P41748) |
| THE SAM BERNSTEIN LAW FIRM | MARGARET CZUCHAJ (P74636) |
| Attorney for Plaintiff | PLUNKETT COONEY |
| 31731 Northwestern Hwy., Suite 333 | Attorneys for Defendant |
| Farmington Hills, MI 48334-1669 | 38505 Woodward Avenue, Suite 100 |
| (248) 671-1609 / (248) 785-6007 (fax) | Bloomfield Hills, MI  48304 |
| nmanikaw@sambernstein.com | (248) 594-6363    fax (248) 901-4040 |
| | cjereck@plunkettcooney.com |
| | mczuchaj@plunkettcooney.com |

                                                             /

## **PROOF OF SERVICE**

STATE OF MICHIGAN     )
                          )ss.
COUNTY OF OAKLAND    )

     The undersigned certifies that a copy of Defendant's Notice of Removal of Cause to the United States District Court for the Eastern District of Michigan, and Proof of Service was served via Wayne County's Odyssey E-File Service upon Attorney for Plaintiff, on March 8, 2019.  I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

                                           /s/ CAROLYN M. JERECK P41748
                                         CAROLYN M. JERECK  P41748
                                         PLUNKETT COONEY
                                         Attorney for Defendant Home Depot
                                         38505 Woodward Avenue, Ste. 100
                                         Bloomfield Hills, MI  48304
                                         (248) 594-6363

# EXHIBIT 1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CHARLENE COLLINS,

    Plaintiff,

vs.

HOME DEPOT U.S.A., INC.,
a foreign profit corporation,

    Defendant.

Case No. 2019-    -NO

**Complaint and Jury Demand**

---

THE SAM BERNSTEIN LAW FIRM
Nicholas Manikas (P34698)
Attorneys for Plaintiff
31731 Northwestern Highway, Suite 333
Farmington Hills, MI 48334-1669
(248) 737-8400 Direct Dial: (248) 671-1609
nmanikas@sambernstein.com

---

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. I also do not know of any other civil transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

*/s/ Nicholas Manikas*
Nicholas Manikas (P34698)

NOW COMES the plaintiff, Charlene Collins, by and through her attorneys, The Sam Bernstein Law Firm, PLLC, and for her Complaint, states as follows:

## COMMON ALLEGATIONS

1.    That plaintiff Charlene Collins is a resident of the City of Inkster, County of

Tashia Marshall   1/18/2019 10:26 AM   WAYNE COUNTY CLERK   Cathy M. Garrett   FILED IN MY OFFICE   19-000829-NO

THE SAM BERNSTEIN LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED LIABILITY COMPANY

Wayne, State of Michigan.

    2.      That defendant Home Depot U.S.A., Inc., is a foreign profit corporation which is duly authorized to conduct business in the State of Michigan, and which regularly conducts business in the City of Dearborn Heights, County of Wayne, State of Michigan.

    3.      That the cause of action set forth herein arose in the City of Dearborn Heights, County of Wayne, State of Michigan.

    4.      That the amount in controversy between the parties exceeds Twenty-Five Thousand ($25,000.00) Dollars, exclusive of costs, interest and attorney fees, and this matter is otherwise within the jurisdiction of this court.

    5.      That during the evening on or about August 28, 2017, the defendant, doing business as The Home Depot-Dearborn Heights Store #2710, was then and there the owner and/or operator of a home improvement retail store located at or near 25451 Michigan Avenue, Dearborn Heights, Michigan, and was in possession and control of said premises.

    6.      That at the aforesaid time, date and place, plaintiff was lawfully upon the aforesaid premises as an invitee, and while carefully walking upon and along the floor in the insulation section of the store, plaintiff did slip and fall to the ground with great force and impact due to the dangerous conditions then and there existing, and specifically, a clear liquid substance upon the floor.

    7.      That at the aforesaid time, date and place, a clear liquid substance was allowed to drip onto the floor from the ceiling area above, and further, said clear liquid substance was allowed to remain on the floor in and about an area traversed by defendant's invitees, including the plaintiff.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1689
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

2

19-000829-NO    FILED IN MY OFFICE    WAYNE COUNTY CLERK    1/18/2019 10:26 AM    Tashia Marshall    Cathy M. Garrett

19-000829-NO   FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   1/18/2019 10:26 AM   Tashia Marshall

## COUNT I – PREMISES LIABILITY

8.     That plaintiff hereby adopts and incorporates by reference thereto paragraphs one through and inclusive of seven as though fully set forth herein.

9.     That at all times pertinent hereto, defendant owed a duty to plaintiff, who was lawfully upon defendant's aforesaid premises as an invitee, to maintain the premises in a safe condition free from danger, to exercise reasonable care to diminish the hazards existing within the premises, to exercise reasonable care to prevent the formation of hazards within the premises, and such duty further required that reasonable and appropriate measures, in light of existing and created circumstances, be taken within a reasonable amount of time after the formation of a dangerous and hazardous condition.

10.     That at all times pertinent hereto, defendant breached said duties, including but not necessarily limited to the following:

    (a)    Negligently, carelessly and recklessly maintaining said premises in a dangerous and hazardous condition, and specifically, with a clear liquid substance being present upon the floor;

    (b)    Negligently, carelessly and recklessly maintaining said premises in a dangerous condition when it was known, or reasonably should have been known, that the particular configuration and uses of its property posed a propensity toward the formation of a hazardous and dangerous condition, and specifically, dripping of a clear liquid substance from the ceiling area, resulting in a clear liquid substance being present upon the floor;

    (c)    Negligently, carelessly and recklessly increasing the hazards of walking upon said premises by the creation of the aforesaid defect, and by failing to correct said situation;

    (d)    Negligently, carelessly and recklessly failing to keep the floor within said premises clear and free from hazards after the affirmative acts of defendant which did create, cause and/or contribute to the formation of a hazardous and dangerous condition, and specifically, the presence of a clear liquid substance dripping from the ceiling area, resulting in a clear liquid substance being upon the floor;

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1689
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

3

(e) Negligently, carelessly and recklessly allowing a clear liquid substance to remain on the floor so as to endanger those persons lawfully within said premises, including plaintiff;

(f) Negligently, carelessly and recklessly failing to remove, eliminate and/or eradicate dangerous conditions then and there existing upon said premises, and specifically, the presence of a clear liquid substance dripping from the ceiling area, resulting in a clear liquid substance being upon the floor;

(g) Negligently, carelessly and recklessly failing to provide plaintiff with a reasonable and safe means of necessary access and movement in and about said premises;

(h) Negligently, carelessly and recklessly failing to mop, dry and/or otherwise remove said clear liquid substance from the floor of said premises, after notice of the dangerous condition thereof;

(i) Negligently, carelessly and recklessly failing to stop the dripping of a clear liquid substance from the ceiling area, after notice of the dangerous condition thereof;

(j) Negligently, carelessly and recklessly failing to use reasonable care to protect the plaintiff from and against the hazards arising from the presence of a clear liquid substance upon the floor of said premises;

(k) Negligently, carelessly and recklessly failing to properly and seasonably maintain the aforesaid premises, including the roof, plumbing, HVAC system and other equipment on, in or above the aforesaid ceiling area;

(l) Negligently, carelessly and recklessly failing to properly and seasonably inspect the aforesaid premises, including the roof, plumbing, HVAC system and other equipment on, in or above the aforesaid ceiling area;

(m) Negligently, carelessly and recklessly failing to properly and seasonably test the aforesaid premises, including the roof, plumbing, HVAC system and other equipment on, in or above the aforesaid ceiling area;

(n) Negligently, carelessly and recklessly failing to properly and seasonably repair the aforesaid premises, including the roof, plumbing, HVAC system and other equipment on, in or above the aforesaid ceiling area;

(o) Negligently, carelessly and recklessly failing to properly and seasonably warn plaintiff of a hazard which defendant knew or in the exercise of reasonable diligence should have known existed;

(p) Negligently, carelessly and recklessly maintaining a hazardous and

4

dangerous condition on the aforesaid premises;

(q) Negligently, carelessly and recklessly failing to keep said premises and all common areas therein fit for their foreseeable uses;

(r) Negligently, carelessly and recklessly failing to exert that degree of care, caution and diligence as would be demonstrated by a reasonably prudent person under the same or similar circumstances, and in otherwise causing the injuries and damages to plaintiff as set forth below;

(s) Negligently, carelessly and recklessly failing to properly and adequately train, instruct, monitor and supervise its employees/servants/agents in regard to the performance of their assigned work duties;

(t) Any and all other negligent acts and/or omissions which discovery and further investigation may provide.

11. That as a direct and proximate result of defendant's aforesaid acts and/or omissions of negligence, plaintiff was caused to fall to the ground with great force and impact, and thereby sustained severe injuries and damages, past, present and future, including but not limited to the following:

(a) Injuries to the muscular, vascular, skeletal and/or nervous systems, and/or related systems, tissues and structures, in and about the areas of her lower extremities, including her knees, requiring surgical intervention, and her back and hips, among others, together with the sequela and symptoms associated with such injuries/conditions;

(b) Contusions and abrasions on and upon her torso and extremities;

(c) Physical pain and suffering;

(d) Mental anguish;

(e) Fright and shock;

(f) Embarrassment, humiliation and mortification;

(g) Denial of social pleasures and enjoyments;

(h) Reasonable and necessary medical, hospital and related expenses;

(i) Loss of wages and earning capacity;

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1869
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

Tashia Marshall    1/18/2019 10:26 AM    WAYNE COUNTY CLERK    Cathy M. Garrett    FILED IN MY OFFICE    19-000829-NO

19-000829-NO   FILED IN MY OFFICE   WAYNE COUNTY CLERK   1/18/2019 10:26 AM   Cathy M. Garrett   Tashia Marshall

(j)     Necessary replacement services and miscellaneous expenses;

(k)     Other injuries and damages that have not yet become manifested or fully manifested.

12.     That should it be determined that plaintiff was suffering from any pre-existing injuries/conditions as of the date and time of the aforesaid incident, then, and in such event, it is averred that the negligence of defendant exacerbated, precipitated and/or aggravated any such pre-existing injuries/conditions.

WHEREFORE, plaintiff Charlene Collins hereby demands judgment against defendant Home Depot U.S.A., Inc., in whatever amount above Twenty-Five Thousand Dollars ($25,000.00) she is found to be entitled, together with costs, interest and attorney fees.

## COUNT II – ACTIVE/GENERAL/ORDINARY NEGLIGENCE

13.     That plaintiff hereby adopts and incorporates by reference thereto paragraphs one through and inclusive of twelve as though fully set forth herein.

14.     That at all times pertinent hereto, defendant owed a duty to plaintiff, who was lawfully upon said defendant's premises as an invitee, to maintain the premises in a safe condition free from danger, to exercise reasonable care to diminish the hazards existing within the premises, to exercise reasonable care to prevent the formation of hazards within the premises, and such duty further required that reasonable and appropriate measures, in light of existing and created circumstances, be taken within a reasonable amount of time after the formation of a dangerous and hazardous condition.

15.     That at all times pertinent hereto, defendant breached said duties, including but not necessarily limited to the following:

(a)     Negligently, carelessly and recklessly maintaining said premises in a dangerous and hazardous condition, and specifically, with a clear liquid

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

6

substance being present upon the floor;

(b)    Negligently, carelessly and recklessly maintaining said premises in a dangerous condition when it was known, or reasonably should have been known, that the particular configuration and uses of its property posed a propensity toward the formation of a hazardous and dangerous condition, and specifically, dripping of a clear liquid substance from the ceiling area, resulting in a clear liquid substance being present upon the floor;

(c)    Negligently, carelessly and recklessly increasing the hazards of walking upon said premises by the creation of the aforesaid defect, and by failing to correct said situation;

(d)    Negligently, carelessly and recklessly failing to keep the floor within said premises clear and free from hazards after the affirmative acts of defendant which did create, cause and/or contribute to the formation of a hazardous and dangerous condition, and specifically, the presence of a clear liquid substance dripping from the ceiling area, resulting in a clear liquid substance being upon the floor;

(e)    Negligently, carelessly and recklessly allowing a clear liquid substance to remain on the floor so as to endanger those persons lawfully within said premises, including plaintiff;

(f)    Negligently, carelessly and recklessly failing to remove, eliminate and/or eradicate dangerous conditions then and there existing upon said premises, and specifically, the presence of a clear liquid substance dripping from the ceiling area, resulting in a clear liquid substance being upon the floor;

(g)    Negligently, carelessly and recklessly failing to provide plaintiff with a reasonable and safe means of necessary access and movement in and about said premises;

(h)    Negligently, carelessly and recklessly failing to mop, dry and/or otherwise remove said clear liquid substance from the floor of said premises, after notice of the dangerous condition thereof;

(i)    Negligently, carelessly and recklessly failing to stop the dripping of a clear liquid substance from the ceiling area, after notice of the dangerous condition thereof;

(j)    Negligently, carelessly and recklessly failing to use reasonable care to protect the plaintiff from and against the hazards arising from the presence of a clear liquid substance upon the floor of said premises;

(k)    Negligently, carelessly and recklessly failing to properly and seasonably

7

maintain the aforesaid premises, including the roof, plumbing, HVAC system and other equipment on, in or above the aforesaid ceiling area;

(l)     Negligently, carelessly and recklessly failing to properly and seasonably inspect the aforesaid premises, including the roof, plumbing, HVAC system and other equipment on, in or above the aforesaid ceiling area;

(m)     Negligently, carelessly and recklessly failing to properly and seasonably test the aforesaid premises, including the roof, plumbing, HVAC system and other equipment on, in or above the aforesaid ceiling area;

(n)     Negligently, carelessly and recklessly failing to properly and seasonably repair the aforesaid premises, including the roof, plumbing, HVAC system and other equipment on, in or above the aforesaid ceiling area;

(o)     Negligently, carelessly and recklessly failing to properly and seasonably warn plaintiff of a hazard which defendant knew or in the exercise of reasonable diligence should have known existed;

(p)     Negligently, carelessly and recklessly maintaining a hazardous and dangerous condition on the aforesaid premises;

(q)     Negligently, carelessly and recklessly failing to keep said premises and all common areas therein fit for their foreseeable uses;

(r)     Negligently, carelessly and recklessly failing to exert that degree of care, caution and diligence as would be demonstrated by a reasonably prudent person under the same or similar circumstances, and in otherwise causing the injuries and damages to plaintiff as set forth below;

(s)     Negligently, carelessly and recklessly failing to properly and adequately train, instruct, monitor and supervise its employees/servants/agents in regard to the performance of their assigned work duties;

(t)     Any and all other negligent acts and/or omissions which discovery and further investigation may provide.

16.     That as a direct and proximate result of defendant's aforesaid acts and/or omissions of negligence, plaintiff was caused to fall to the ground with great force and impact, and thereby sustained severe injuries and damages, past, present and future, including but not limited to the following:

(a)     Injuries to the muscular, vascular, skeletal and/or nervous systems, and/or

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

8

related systems, tissues and structures, in and about the areas of her lower extremities, including her knees, requiring surgical intervention, and her back and hips, among others, together with the sequela and symptoms associated with such injuries/conditions;

(b)     Contusions and abrasions on and upon her torso and extremities;

(c)     Physical pain and suffering;

(d)     Mental anguish;

(e)     Fright and shock;

(f)     Embarrassment, humiliation and mortification;

(g)     Denial of social pleasures and enjoyments;

(h)     Reasonable and necessary medical, hospital and related expenses;

(i)     Loss of wages and earning capacity;

(j)     Necessary replacement services and miscellaneous expenses;

(k)     Other injuries and damages that have not yet become manifested or fully manifested.

17.     That should it be determined that plaintiff was suffering from any pre-existing injuries/conditions as of the date and time of the aforesaid incident, then, and in such event, it is averred that the negligence of defendant exacerbated, precipitated and/or aggravated any such pre-existing injuries/conditions.

WHEREFORE, plaintiff Charlene Collins hereby demands judgment against defendant Home Depot U.S.A, Inc., in whatever amount above Twenty-Five Thousand Dollars ($25,000.00) she is found to be entitled, together with costs, interest and attorney fees.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

9

19-000829-NO    FILED IN MY OFFICE    Cathy M. Garrett   WAYNE COUNTY CLERK   1/18/2019 10:26 AM   Tashia Marshall

Respectfully submitted,

THE SAM BERNSTEIN LAW FIRM, PLLC

*/s/ Nicholas Manikas*
Nicholas Manikas (P34698)
Attorneys for Plaintiff
31731 Northwestern Hwy, Suite 333
Farmington Hills, MI 48334
(248) 671-1609; FAX (248) 737-4392

## DEMAND FOR TRIAL BY JURY

NOW COMES the plaintiff, Charlene Collins, by and through her attorneys, The Sam Bernstein Law Firm, PLLC, and hereby demands a trial by jury in this matter.

Respectfully submitted,

THE SAM BERNSTEIN LAW FIRM, PLLC

*/s/ Nicholas Manikas*
Nicholas Manikas (P34698)
Attorneys for Plaintiff
31731 Northwestern Hwy, Suite 333
Farmington Hills, MI 48334
(248) 671-1609; FAX (248) 737-4392

10



THE
# SAM BERNSTEIN
L A W   F I R M
A PROFESSIONAL LIMITED LIABILITY COMPANY
31731 NORTHWESTERN HIGHWAY, SUITE 333
FARMINGTON HILLS, MICHIGAN 48334-1669



7017 2620 0000 2184 5650



U.S. POSTAGE >> PITNEY BOWES

ZIP 48334
02 4W
0000335229 FEB. 08. 2019
$ 007.10

Home Depot, U.S.A., Inc.
c/o RA: CSC-Lawyers Incorporating Service
601 Abbot Road
East Lansing, MI 48823

# EXHIBIT 2

**From:** Mooney, Suzanne
**Sent:** Friday, March 1, 2019 12:28 PM
**To:** Jereck, Carolyn
**Subject:** RE: 20170801437 - COLLINS, CHARLENE - 08/28/2017-- ECA Served flip to litigation Answer due 3/11/19

FYI – I just spoke with the attorney's office, who confirmed that Home Depot was served via certified mail on 2/11.

**From:** Jereck, Carolyn
**Sent:** Thursday, February 28, 2019 9:17 AM
**To:** Mooney, Suzanne
**Cc:** Merlino, Ann Marie
**Subject:** FW: 20170801437 - COLLINS, CHARLENE - 08/28/2017-- ECA Served flip to litigation Answer due 3/4/19-
**Importance:** High

Please contact PA's office and confirm date and method of service. Apparently, Mark has not been able to obtain verification beyond a verbal representation from Sedgwick so we need to confirm/

Thanks,

Cj